**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KAREN HARRISON** | **: CIVIL ACTION** |
| | **:** |
| **v.** | **: NO.    16-3530** |
| | **:** |
| **HEALTH NETWORK LABORATORIES** | |
| **LIMITED PARTNERSHIP, and** | |
| **LEHIGH VALLEY HEALTH NETWORK,** | |
| **INC.** | |

**MEMORANDUM OPINION**

**SCHMEHL, J.   /s/ JLS**                                                    **JANUARY 9, 2017**

   This action was originally filed by the plaintiff in the Court of Common Pleas of Lehigh County, then removed by defendants to this Court on the basis of federal question jurisdiction. Presently before the Court is the plaintiff's motion to remand. For the reasons that follow, the motion is denied.

   In her one-count Complaint, plaintiff alleges that the defendants retaliated against her by terminating her employment in violation of the Pennsylvania Whistleblower Law, 43 P.S. 1423(a).

   Plaintiff alleges that she worked for defendant Health Network Laboratories Limited Partnership (HNLLP) from October 1, 1998 until her termination on November 19, 2015. (Compl. at ¶ 9.) Defendant Lehigh Valley Health Network, Inc. ("LVHN") is allegedly the general partner of HNLPP. Plaintiff alleges that since 2012, she worked for HNLLP as a "Manager, Quality." (*Id.*  at ¶ 10.) In that role, plaintiff alleges that her job duties included, *inter alia*, "interfacing with co-workers to insure they were performing in a satisfactory and safe work environment." (*Id.* at ¶¶ 10–11.)

1

In March of 2015, plaintiff allegedly received a complaint from co-worker Elizabeth Corkery ("Corkery"), an employee in HNLLP's IT Department. (*Id*. at ¶ 12.)  The complaint concerned "abusive, discriminatory and harassing conduct" by Corkery's supervisor, Arun Bhaskar ("Bhaskar"), the director of the IT Department.  (*Id.* at ¶¶ 12–13.) Plaintiff alleges that Bhaskar is of "Indian heritage." (*Id.* at ¶ 16.) Plaintiff alleges that Bhaskar made "abusive, discriminatory, threatening" comments to Corkery, subjected her to an intensely hostile working environment, and discriminated against employees who were not of Indian heritage. (*Id.* at ¶¶ 14, 16.) She alleges that Bhaskar's conduct was known to and sanctioned by his supervisor, Harvey Guindi ("Guindi"). (*Id.* at ¶ 15.)

Plaintiff alleges that she reported her concerns to HNLLP's Chief Operating Officer, Elizabeth Rokus ("Rokus"), although plaintiff did not identify Bhaskar, Guindi or Corkery by name to Rokus. (*Id.* at ¶ 18.) Plaintiff alleges that she asked Rokus to appoint an Ombudsman to address Corkery's complaints, but Rokus refused. (*Id.* at 19-20.) After the abusive and discriminatory conduct of Bhaskar continued, Corkery finally resigned on October 1, 2015. (*Id.* at ¶ 21.) On that date, Bhaskar allegedly publicly declared that Corkery's replacement would be superior because he is of Indian heritage. (*Id.* at ¶ 22.)

Plaintiff alleges that on October 15, 2015, Corkery memorialized in writing the abusive and discriminatory conduct of Bhaskar and forwarded a copy to plaintiff and a Human Resources Generalist. (*Id.* at ¶ 23.) On October 19, 2015, plaintiff shared the letter with HNLLP's Vice-President of Clinical Operations and Director of Quality Services. (*Id.* at 24.) One month later, plaintiff was terminated, purportedly for using foul language at an after-hours banquet. (*Id.* at ¶¶ 26, 28.)

Plaintiff alleges that Bhaskar's allegedly discriminatory and harassing conduct constitutes "wrongdoing" under the Whistleblower Law because it violates state and federal statutes, namely Title VII of the Civil Rights Act of 1964 ("Title VII"), the Pennsylvania Human Relations Act ("PHRA"), and "various other federal and state laws." (*Id.* at ¶¶ 37–38.)

Plaintiff argues that the case must be remanded to state court because there is no diversity of citizenship among the parties and the Complaint only raises a question of state law, i.e., a violation of the Pennsylvania Whistleblower Act. Defendants respond that embedded in plaintiff's Whistleblower Act claim is a claim for violation of Title VII and, as a result, plaintiff's Complaint does raise a substantial and actual federal question. The Court agrees with defendants.

Under 28 U.S.C. § 1441,

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C.A. § 1441(a). However, "[t]he removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer v. Snap-on Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch and Signal Div.,* 809 F.2d 1006, 1010 (3d Cir. 1987)) (additional citations omitted).

"Ordinarily, determining whether a particular case arises under federal law turns on the 'well-pleaded complaint' rule." *Aetna Health Inc. v. Davila,* 542 U.S. 200, 207 (2004) (internal quotations omitted) (citing *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for So. Cal.,* 463 U.S. 1, 9–10 (1983)). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."

3

*Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank,* 299 U.S. 109 (1936)); *see also Gully,* 299 U.S. at 115 ("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit.").

"[T]he vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 808 (1986). However, a "state suit need not invoke a federal law in order to 'arise under' it for removal purposes." *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002). Consequently, for purposes of federal question jurisdiction, either a "federal law creates the cause of action or . . . the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance Inc. v. McVeigh,* 547 U.S. 677, 690 (2006) (citing *Franchise Tax Bd.,* 463 U.S. at 27–28).

"[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharma., Inc.*, 478 U.S. at 813. As the Supreme Court has held, an embedded federal issue only justifies the exercise of subject matter jurisdiction when: (1) the state law claim necessarily raises a stated federal issue, (2) the federal issue is substantial and in actual dispute, and (3) the exercise of federal jurisdiction will not disturb "any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005).

With respect to the first two elements of this inquiry, it is clear that plaintiff's state law claim necessarily raises a federal issue that is both actually disputed and substantial.

To establish a *prima facie* case under Pennsylvania's Whistleblower Law, plaintiff must show: (1) that she made a good faith report of "wrongdoing" or "waste" and (2) a causal connection between that report and the termination of her employment. *Golaschevsky v. Dep't of Envtl. Prot.*, 554 Pa. 157, 161, 720 A.2d 757, 759 (1998). Although plaintiff does not claim that she made a report

4

of "waste," she does claim that she made good faith reports of "wrongdoing" to management during the course of her employment with HNL. (Compl. at ¶ 35.)

"Wrongdoing," for purposes of the Pennsylvania Whistleblower Law, is "[a] violation which is not of a merely technical or minimal nature of a Federal or State statute or regulation, of a political subdivision ordinance or regulation, or of a code of conduct or ethics designed to protect the interest of the public or the employer." 43 P.S. § 1422.  Plaintiff alleges that the conduct she reported to HNLLP—Bhaskar's allegedly discriminatory and harassing conduct toward Corkery—constitutes "wrongdoing" under the Whistleblower Law because it violates Title VII, the PHRA, and "various other federal and state laws." (Compl. at ¶¶ 37–38.)

Therefore, plaintiff's Whistleblower Law claim necessarily raises a federal issue, i.e., whether  Bhaskar's alleged conduct, which served as the basis for plaintiff's alleged good faith report of "wrongdoing," violates Title VII or "various other federal . . . laws." If it does not, then plaintiff cannot prevail on her claim, as "Pennsylvania courts interpret Title VII and the PHRA as coextensive." *Thompkins v. Mercy Philadelphia Hosp.*, 2010 WL 3719099, at *2 (E.D. Pa. Sept. 20, 2010) (Bartle, J.) (citing *Atkinson v. Lafayette Coll.*, 460 F.3d 447, 454 n. 6 (3d Cir. 2006)). In addition, the outcome-determinative nature of this issue, which is central to plaintiff's claim, makes the issue "actually disputed and substantial." *See Koresko v. Murphy*, 464 F. Supp. 2d 463, 469 (E.D. Pa. 2006) (Katz, J.) (finding that the "outcome-determinative nature" of the federal issue in the plaintiff's state-law claims makes it "actually disputed and substantial").

Finally, the Court's exercise of jurisdiction over plaintiff's claim will not disturb the congressionally approved balance of federal and state judicial responsibilities. A "federal issue will ultimately qualify for a federal forum only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of [28 U.S.C.] § 1331." *Grable*, 545 U.S. at 313–14. "Because arising-under jurisdiction to hear a state-law claim always raises the possibility of upsetting the state-federal line drawn (or at

least assumed) by Congress . . . there must always be an assessment of any disruptive portent in exercising federal jurisdiction." *Id.* at 314.

Here, there is no disruptive portent in this Court exercising federal jurisdiction. In the first instance, federal courts routinely address claims brought under Title VII. In the second instance, this Court's exercise of federal jurisdiction under the facts of this particular Whistleblower Act case will not upset the balance of federal and state responsibilities because the vast majority of Whistleblower cases will still be decided in state court. Only where, as here, an actually disputed substantial federal issue is embedded in plaintiff's claim under the Pennsylvania Whistleblower Act, will federal jurisdiction be appropriate.

Plaintiff directs the Court's attention to another decision from the Court where the Court remanded the action to state court.  In *Heffner v. LifeStar Response of New Jersey, Inc.*, 2013 WL 5416164 (E.D. Pa. Sept. 27, 2013) (Gardner, J.), In that case, the plaintiff filed suit in state court, claiming that his termination for reporting his employer's alleged attempts to defraud Medicare violated both public policy and the Whistleblower Law. 2013 WL 5416164, at *2. The action was subsequently removed to federal court based solely upon diversity jurisdiction. *Id.* at *3. The defendant did not contend that the alleged attempt to defraud Medicare raised an embedded federal issue. The Court granted the plaintiff's motion to remand because the defendant did not meet its burden of proving by a preponderance of the evidence that the amount in controversy exceeded $75,000, exclusive of interest and costs. *Id.* at *5. As the relevant inquiry in *Heffner*—whether the defendant met its burden of proving that diversity jurisdiction existed—is entirely different from the relevant inquiry in this action—whether defendants have met their burden of proving that federal question jurisdiction exists—the Court finds *Heffner* to be inapplicable to this case.

In another case referenced by plaintiff, *Seal v. University of Pittsburgh*, 766 F. Supp. 386 (W.D. Pa. 1991), the Court declined to exercise pendent jurisdiction over the plaintiff's breach of

contract, wrongful discharge, and Whistleblower Law claims after the parties *stipulated to the dismissal of his federal civil rights claim*—the only question of federal law at issue in that action. 766 F. Supp. at 387–88.  Plaintiff has not offered to dismiss his embedded Title VII claim in this case.

In sum, this Court has subject matter jurisdiction over the state law cause of action raised in the Complaint because the claim necessarily raises a stated federal issue, actually disputed and substantial, which the Court may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.