## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KAREN HARRISON** | **: CIVIL ACTION** |
| | **:** |
| v. | **: NO.   16-3530** |
| | **:** |
| **HEALTH NETWORK LABORATORIES LIMITED PARTNERSHIP, and LEHIGH VALLEY HEALTH NETWORK, INC.** | |

### MEMORANDUM OPINION

**SCHMEHL, J.    /s/ JLS**                                                                 **MARCH 10, 2017**

This action was originally filed by the plaintiff in the Court of Common Pleas of Lehigh County, then removed by defendants to this Court on the basis of federal question jurisdiction.

In her one-count Complaint, plaintiff alleges that the defendants retaliated against her by terminating her employment in violation of the Pennsylvania Whistleblower Law, 43 P.S. § 1423(a). Specifically, plaintiff alleges that a co-worker's supervisor's discriminatory and harassing conduct constitutes "wrongdoing" under the Whistleblower Law because it violates state and federal statutes, namely Title VII of the Civil Rights Act of 1964 ("Title VII"), the Pennsylvania Human Relations Act ("PHRA"), and "various other federal and state laws." (Compl. at ¶¶ 37–38.)

Defendants filed a motion to dismiss for failure to state a claim. (ECF 3.) Plaintiff responded by filing a motion to remand, claiming there is no diversity of citizenship among the parties and the Complaint only raises a question of state law, i.e., a violation of the Pennsylvania Whistleblower Law.  (ECF  12.) Plaintiff also filed an unopposed motion for an enlargement of time to respond to defendants' motion to dismiss, pending resolution of the motion to remand.

1

(ECF 13.) The Court granted this motion. (ECF 14.) Defendants then filed a response to the motion to remand, claiming that embedded in plaintiff's Whistleblower Law claim is a federal claim for violation of Title VII and, as a result, plaintiff's Complaint does raise a substantial and actual federal question. (Doc. 15.) By Memorandum Opinion and Order entered on January 9, 2017, the Court agreed with defendants and denied the motion to remand. (ECF 16, 17.)

Specifically, the Court found that it had subject matter jurisdiction over plaintiff's Whistleblower Law claim because the claim necessarily raises a stated federal issue, actually disputed and substantial, which the Court may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities. *See Grable & Sons Metal Prods. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005).

The Court distinguished a case referenced by plaintiff, *Seal v. University of Pittsburgh*, 766 F. Supp. 386 (W.D. Pa. 1991), wherein the Court declined to exercise pendent jurisdiction over the plaintiff's breach of contract, wrongful discharge, and Whistleblower Law claims after the parties *stipulated to the dismissal of his federal civil rights claim*—the only question of federal law at issue in that action. 766 F. Supp. at 387–88.  This Court specifically noted that plaintiff had not offered to dismiss her embedded Title VII claim in this case.

On January 18, 2017, plaintiff  filed a motion for reconsideration of the Court's January 9, 2017 Opinion and Order in which she notes that she offered to stipulate to the dismissal of her embedded Title VII claim and any other federal claims and proceed only with an embedded state law claim under the PHRA. (ECF  19.)  Defendants did not respond to plaintiff's offer.  Accordingly, by Order filed on February 16, 2017, the Court permitted plaintiff to file a motion to amend the complaint to exclude any reference to any federal claims. (ECF 25.) On February 21, 2017, plaintiff filed a motion to amend the complaint along with a copy of the proposed

amended complaint (which erroneously contains the heading of the Court of Common Pleas of Lehigh County).(ECF 26.)  Defendants oppose this motion (ECF 27.) For the reasons that follow, the motion is granted.

Grant of leave to amend is within the discretion of the district court. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Gay v. Petsock*, 917 F.2d 768, 772 (3d Cir. 1990) (articulating that abuse of discretion is the standard of review for decisions on leave to amend pleadings). Federal Rule of Civil Procedure 15(a) provides that the Court should "freely give leave" for a party to file an amended pleading "when justice so requires." The "burden is generally on the non-moving party to demonstrate why leave to amend should not be granted. (citing *Foman*, 371 U.S. at 182). The Court may deny a request to amend a pleading only when the following circumstances exist: "'(1) the moving party has demonstrated undue delay, bad faith, or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other part[ies].'" *Juan v. Sanchez*, 339 F. App'x 182, 187 (3d Cir. 2009) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)). Delay alone is insufficient to deny a plaintiff's motion to amend a complaint. *USX Corp. v. Barnhart*, 395 F.3d 161, 167 (3d Cir. 2004). However, if "delay . . [has] become 'undue,' placing an unwarranted burden on the court, or . . . [has] become 'prejudicial,' placing an unfair burden on the opposing party," delay may be sufficient to deny a motion to amend. *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984) (citing *Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir.1982); *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir.1982).

Defendants first argue that plaintiff has unduly delayed moving to amend her complaint. According to defendants, plaintiff was on notice that her complaint contained an embedded

federal claim when defendants filed their response to plaintiff's motion to remand. The Court, however, does not fault plaintiff for pursuing a remand based on the allegations contained in the original complaint as the question of whether plaintiff alleged an embedded federal claim was not clear cut and defendants had to satisfy the *Grable* standard. After the Court denied her motion to remand, plaintiff immediately offered to stipulate to the dismissal of any embedded federal claims, and when defendants did not respond, promptly moved to amend her complaint

Defendants also argue that any amendment would be futile because plaintiffs cannot state a claim under the Whistleblower Law.  In doing so, defendants raise essentially the same arguments they raised in their motion to dismiss for failure to state a claim. However, the Court already ruled that it needed to address the jurisdictional motion to remand before it addressed the merits of defendants' motion to dismiss. The merits of plaintiff's Whistleblower Law claim are better left to the state court.

Defendants do not meet any of the standards to support denial of plaintiff's motion to amend. Accordingly, the Court will grant the plaintiff's motion to amend. After plaintiff files her amended complaint (with the proper heading) eliminating any direct federal or embedded federal claims, the Court will grant plaintiff's outstanding motion for reconsideration and remand this matter to the Court of Common Pleas of Lehigh County.