### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KAREN HARRISON** | **: CIVIL ACTION** |
| | **:** |
| v. | **: NO.    16-3530** |
| | **:** |
| **HEALTH NETWORK LABORATORIES** | **:** |
| **LIMITED PARTNERSHIP, and** | **:** |
| **LEHIGH VALLEY HEALTH NETWORK,** | **:** |
| **INC.** | |

### MEMORANDUM OPINION

**SCHMEHL, J.    /s/ JLS**                                                                 **MARCH 21, 2017**

      This action was originally filed by the plaintiff in the Court of Common Pleas of Lehigh County, then removed by defendants to this Court on the basis of federal question jurisdiction.

      In her one-count Complaint, plaintiff alleges that the defendants retaliated against her by terminating her employment in violation of the Pennsylvania Whistleblower Law, 43 P.S. § 1423(a). Specifically, plaintiff alleges that a co-worker's supervisor's discriminatory and harassing conduct constitutes "wrongdoing" under the Whistleblower Law because it violates state and federal statutes, namely Title VII of the Civil Rights Act of 1964 ("Title VII"), the Pennsylvania Human Relations Act ("PHRA"), and "various other federal and state laws." (Compl. at ¶¶ 37–38.)

      Defendants filed a motion to dismiss for failure to state a claim. (ECF 3.) Plaintiff responded by filing a motion to remand, claiming there is no diversity of citizenship among the parties and the Complaint only raises a question of state law, i.e., a violation of the Pennsylvania Whistleblower Law.  (ECF  12.) Plaintiff also filed an unopposed motion for an enlargement of time to respond to defendants' motion to dismiss, pending resolution of the motion to remand.

(ECF 13.) The Court granted this motion. (ECF 14.) Defendants then filed a response to the motion to remand, claiming that embedded in plaintiff's Whistleblower Law claim is a federal claim for violation of Title VII and, as a result, plaintiff's Complaint does raise a substantial and actual federal question. (Doc. 15.) By Memorandum Opinion and Order entered on January 9, 2017, the Court agreed with defendants and denied the motion to remand. (ECF 16, 17.)

Specifically, the Court found that it had subject matter jurisdiction over plaintiff's Whistleblower Law claim because the claim necessarily raises a stated federal issue, actually disputed and substantial, which the Court may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities. *See Grable & Sons Metal Prods. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005).

The Court distinguished a case referenced by plaintiff, *Seal v. University of Pittsburgh*, 766 F. Supp. 386 (W.D. Pa. 1991), wherein the Court declined to exercise pendent jurisdiction over the plaintiff's breach of contract, wrongful discharge, and Whistleblower Law claims after the parties *stipulated to the dismissal of his federal civil rights claim*—the only question of federal law at issue in that action. 766 F. Supp. at 387–88.  This Court specifically noted that plaintiff had not offered to dismiss her embedded Title VII claim in this case.

On January 18, 2017, plaintiff  filed a motion for reconsideration of the Court's January 9, 2017 Opinion and Order in which she notes that she offered to stipulate to the dismissal of her embedded Title VII claim and any other federal claims and proceed only with an embedded state law claim under the PHRA. (ECF  19.)  Defendants did not respond to plaintiff's offer. Accordingly, by Order filed on February 16, 2017, the Court permitted plaintiff to file a motion to amend the complaint to exclude any reference to any federal claims. (ECF 25.) On February 21, 2017, plaintiff filed a motion to amend the complaint along with a copy of the proposed

amended complaint (which erroneously contains the heading of the Court of Common Pleas of Lehigh County).(ECF 26.)  Defendants opposed this motion. (ECF 27.) By Memorandum Opinion and Order entered on March 10, 2017 (ECF 28, 29), the Court granted plaintiff's motion to amend the complaint. On March 16, 2017, plaintiff filed the amended complaint (Doc. 31). As a result, the Court will now rule on plaintiff's motion for reconsideration of the Court's order denying her motion to remand.

Courts should grant motions for reconsideration sparingly, reserving them for instances where there has been "(1) an intervening change in controlling law, (2) the emergence of new evidence not previously available, or (3) the need to correct a clear error of law or to prevent a manifest injustice." *General Instrument Corp of Delaware. v. Nu-Tek Elecs. & Mfg., Inc.*, 3 F. Supp. 2d 602, 606 (E.D. Pa. 1998), aff'd., 197 F.3d 83 (3d Cir. 1999); see also *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."). Mere dissatisfaction with the court's ruling is not a proper basis for reconsideration. See *United States v. Phillips*, 2001 WL 527810, at *1 (E.D. Pa. May 17, 2001) (citing *Burger King Corp. v. New England Hood and Duct Cleaning Co.*, 2000 WL 133756, at *2 (E.D.Pa. Feb. 4, 2000).

Here, plaintiff has filed an amended complaint withdrawing her embedded federal claim, the only claim which gave this Court jurisdiction over this matter. As the amended complaint alleges only state law claims, and no longer contains any embedded federal claims, we no longer have jurisdiction and, therefore, the motion for reconsideration will be granted and this matter will be remanded to the Court of Common Pleas of Lehigh County.